United States District Court
Southern District of Texas
**ENTERED**
October 06, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAHINI ROMERO MARZO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-1398 |
| | § | |
| JOSEPH B. EDLOW, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER

Pending before the Court is Defendants' Motion to Dismiss (Document No. 10). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

I. BACKGROUND

This is an immigration matter. Plaintiff Tahini Romero Marzo ("Plaintiff") is a Cuban national. Plaintiff applied for admission into the United States on February 4, 2024. Plaintiff was taken into immigration custody on June 22, 2025. Shortly thereafter, Plaintiff sought an adjustment of status pursuant to the Cuban Adjustment Act ("CAA"). Plaintiff alleges that "Defendants willfully, and unreasonably, have delayed the adjudication of the Plaintiff's applications[.]"[1]

---

[1] *Plaintiff's Complaint*, Document No. 1 at 9.

Based on the foregoing, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting claims against Defendants for alleged violations of the Administrative Procedure Act ("APA"). Plaintiff seeks "a declaration that the Defendants have unlawfully denied, withheld, and unreasonably delayed action owed to Plaintiff."[2] On August 31, 2026, Defendants filed their motion to dismiss.[3] Plaintiff has not responded to Defendants' motion to dismiss either by the date required under the Federal Rules of Civil Procedure or by the date of this Order.

## II. STANDARD OF REVIEW

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled

---

[2] *Plaintiff's Complaint*, Document No. 1 at 9.

[3] *See Defendants' Motion to Dismiss*, Document No. 10 at 1.

to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendants contend that Plaintiff's action should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff did not respond to Defendants' motion to dismiss, failing to rebut or offer evidence to counter Defendants' contentions. Pursuant to Local Rule 7.4,

failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to the pending motion to dismiss, the Court will consider, in turn, the merits of Plaintiff's claims against Defendants.

*1. Plaintiff's Claim Regarding Biometrics*

Defendants contend, in relevant part, that Plaintiff's claim regarding Defendants' failure to facilitate biometrics is moot. Plaintiff offers no rebuttal. Federal courts do not have authority over moot claims, that is, claims where "a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) (citation omitted).

Here, Plaintiff requests, in relevant part, that this Court "[o]rder the Defendants to assist in collection of biometrics and scheduling a medical exam for Petitioner."[4] Defendants contend that "[t]he relief Plaintiff sought concerning biometrics has therefore occurred."[5] Plaintiff offers no rebuttal. The Court has reviewed the record in this matter and notes that Plaintiff satisfied the biometrics requirements on July 31, 2026.[6] Based on the foregoing, and the clear guidance of the Supreme Court that a case is moot when a controversy no longer exists, the Court

---

[4] *Defendants' Motion to Dismiss*, Document No. 10 at 5.

[5] *Defendants' Motion to Dismiss*, Document No. 10 at 5.

[6] *See Defendants' Motion to Dismiss*, Document No. 10, Exhibit 1 at 1 (*Declaration of Immigration Services Officer*).

finds that Plaintiff's claims regarding biometrics are moot. As such, the Court finds that it lacks subject matter jurisdiction with respect to these claims, and thus, that Defendants' motion should be granted on these claims. The Court will now consider Plaintiff's claim that the agency's decision was arbitrary and capricious.

*2. Plaintiff's Claims Regarding Agency Decision*

Plaintiff requests this Court "[i]ssue a declaratory judgment stating that Defendants' refusal to adjudicate the Plaintiff's applications is arbitrary and capricious[.]"[7] Defendants contend that "[t]he Court lacks jurisdiction over Plaintiff's claims[.]"[8]

The CAA "affords Cuban asylum seekers preferential treatment by enabling them to enter the United States and achieve permanent-resident status through a special process not offered to other refugees." *Dominguez v. Sessions*, 708 F. App'x 808, 809 n.1 (5th Cir. 2017) (citation omitted). With respect to the CAA, "the Attorney General, in his discretion" may adjust the status of an alien who is a native Cuban. 8 U.S.C. § 1255. Under the APA, the courts do not have jurisdiction to review "agency action [that] is committed to agency discretion[.]" 5 U.S.C. § 701.

---

[7] *Plaintiff's Complaint*, Document No. 1 at 10.

[8] *Defendants' Motion to Dismiss*, Document No. 10 at 5.

Here, Plaintiff contends that "Defendants' refusal to act properly in this case is arbitrary and not in accordance with the laws and regulations of the United States."[9] Defendants contend that "this Court lacks jurisdiction to review the discretionary actions surrounding adjudication of Plaintiff's application(s)"[10] Plaintiff offers no rebuttal. Based on the foregoing, and the clear language of the CAA and APA, the Court finds that the agency's action in this matter was discretionary, and thus, that the Court lacks subject matter jurisdiction to review such action. Accordingly, the Court finds that Defendants' motion should be granted.[11]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss (Document No. 10) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against all Defendants are hereby **DISMISSED**.

---

[9] *Plaintiff's Complaint*, Document No. 1 at 8.

[10] *Defendants' Motion to Dismiss*, Document No. 10 at 6.

[11] Considering the Court's finding that Plaintiff's action should be dismissed for lack of subject matter jurisdiction, the Court declines to consider Defendants' remaining arguments related to Plaintiff's failure to state a claim upon which relief can be granted.

SIGNED at Houston, Texas, on this 6 day of October, 2026.

DAVID HITTNER
United States District Judge